IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BJ SERVICES S.R.L., *et al.*, | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL CASE NO. H-11-2448 |
| | § | |
| GREAT AMERICAN INSURANCE | § | |
| CO., | § | |
| Defendant. | § | |

## MEMORANDUM AND ORDER

This insurance coverage dispute is before the Court on the Motion for

Reconsideration [Doc. # 45] filed by Plaintiffs BJ Services S.R.L. and Western Atlas

Inc. (collectively, "BJ Services"), seeking reconsideration of the Court's

Memorandum and Order [Doc. # 40] granting summary judgment in favor of

Defendant Great American Insurance Company ("Great American"). Great American

filed a Response [Doc. # 48] in opposition to the Motion for Reconsideration.

Plaintiffs neither filed a Reply nor requested additional time to do so. Having

reviewed the full record and applied governing legal authorities, the Court **denies**

Plaintiffs' Motion for Reconsideration.

## I.    BACKGROUND

Great American issued a commercial crime insurance policy (the "Policy") to

BJ Services. In March 2011, Plaintiffs submitted a proof of loss in connection with

three separate transactions involving misconduct by its former employees, Jose Limardo and Oscar Luis Parisi. Great American denied BJ Services's claim under the Policy. Great American asserted, *inter alia*, that the claimed losses were indirect losses not covered by the Policy because they were, instead, the direct result of BJ Services's contractual liability to third parties.

Plaintiffs filed this lawsuit seeking a declaratory judgment that the losses are covered by the Policy. Great American filed its Motion for Summary Judgment, which the Court granted in its Memorandum and Order entered April 23, 2012. On May 21, 2012, Plaintiffs filed their Motion for Reconsideration, which is now ripe for decision.

## II.   STANDARD FOR MOTION FOR RECONSIDERATION

"A motion to alter or amend judgment must clearly establish either a manifest error of law or fact or must present newly discovered evidence." *Ross v. Marshall*, 426 F.3d 745, 763 (5th Cir. 2005) (internal quotations omitted). This type of motion "calls into question the correctness of a judgment." *Templet v. Hydrochem, Inc.*, 367 F.3d 473, 478 (5th Cir. 2004) (quoting *In re TranstexasGas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002). A Rule 59(e) motion is not a "vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment" but instead has a "narrow purpose of allowing a party to correct manifest

errors of law or fact or to present newly discovered evidence." *Id.* at 478-79. "[A]n unexcused failure to present evidence available at the time of summary judgment provides a valid basis for denying a subsequent motion for reconsideration." *Templet*, 367 F.3d at 479. Importantly, a "Rule 59(e) motion is not proper to re-litigate matters that have been resolved to the movant's dissatisfaction and Plaintiff cannot have a 'second bite at the apple' on the same issues that were previously addressed by the parties and this Court." *Alvarado v. Texas Rangers*, 2005 WL 1420846, \*2 (W.D. Tex. June 14, 2005). "Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." *Templet*, 367 F.3d at 479.

## III.   ANALYSIS

Plaintiffs argue they are entitled to reconsideration of the Court's prior ruling granting summary judgment in favor of Great American because "the Court cannot avoid deciding who owned or held the funds at the time of their theft" and because the Court based its ruling on "an apparent misunderstanding" of *Universal Mortgage Corp. v. Wurttembergische Versicherung AG*, 651 F.3d 759 (7th Cir. 2011). *See* Motion for Reconsideration, pp. 1-2. Plaintiffs argue also that the Court's decision conflicts with the decision of an Argentine criminal court and the Texas Penal Code, that Great American has marketing materials that suggest Plaintiffs' claim is covered,

and that "there is a genuine dispute regarding a material fact" regarding whether the dishonest employees had authority to enter into the loan agreements.  *See id.*

Plaintiffs' arguments regarding an Argentine criminal court decision, the Texas Penal Code, and the Great American marketing materials do not support reconsideration.  The arguments and the evidence were not presented in the extensive briefing on the Motion for Summary Judgment and cannot provide a basis for reconsideration.[1]  *See Templet*, 367 F.3d at 478-79.

In its Motion for Summary Judgment, Great American noted that the Policy covers only losses resulting "directly" from employee dishonesty.  Great American argued that the losses did not result directly from employee dishonesty but, instead, resulted from BJ Services's contractual liability to the third party financial institutions. The Court agreed, concluding that the argument was supported by the Seventh Circuit's decision in *Universal*.  The losses to Plaintiffs occurred because they were required to satisfy contractual obligations to the financial institutions.

The Court was not required to decide who owned or held the funds because the ruling on whether the loss was direct or indirect was dispositive.  The Court has again reviewed the *Universal* decision and again concludes that the Seventh Circuit's

---

[1]    Neither the Argentine Court's decision nor the Texas Penal Code addresses whether a loss resulting from contractual liability is a direct loss that would be covered by the Policy.  Additionally, nothing in the marketing materials, previously available but not submitted, indicates that indirect losses are covered under the Policy.

decision and reasoning are persuasive on the issue of whether Plaintiffs' claimed loss was indirect and, therefore, not covered by the Policy. There are no disputed facts that are material to this decision. Plaintiffs have failed to present a valid argument for reconsideration.

## IV.  CONCLUSION AND ORDER

Plaintiffs have failed to establish a manifest error of law or fact, or to present newly discovered evidence that could not have been discovered prior to the Court's ruling on Defendant's Motion for Summary Judgment. As a result, Plaintiffs are not entitled to reconsideration of the Court's ruling, and it is hereby

**ORDERED** that Plaintiffs' Motion for Reconsideration [Doc. # 45] is **DENIED**.

SIGNED at Houston, Texas, this **28th** day of **June, 2012**.

Nancy F. Atlas
United States District Judge